**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 3:08CR475 |
| | ) | |
| LARRY D. ANDERSON | ) | |

**MEMORANDUM OPINION**

On May 27, 2009, the Court sentenced Larry D. Anderson ("Anderson" or "defendant") to 72 months of imprisonment.[1]  On August 9, 2010, the Court received a motion from Anderson entitled "Motion to Dismiss Enhancement" (Docket No. 57).  The defendant moves the Court to "dismiss the (2) point [firearm] enhancement due to the jury finding the Defendant not guilty on counts (2) & (3)," and because, he argues, it must be dismissed in order for him "to be able to have the full advantage that the [Bureau of Prisons' Residential Drug Abuse] program ["RDAP"] can offer."[2]

At this late date, the Court has very limited jurisdiction to alter or amend a criminal judgment

---

[1]At sentencing, the Court denied the defendant's objections to the Presentence Investigation Report, including the objection to the firearm enhancement pursuant to U.S.S.G. § 2D1.1, and found that the applicable advisory range was 110 to 137 months.  Despite this advisory range, the Court imposed a variance sentence of only 72 months.

[2]Although Anderson has not identified an appropriate procedural vehicle through which to challenge his sentence and it does not appear that the Court has jurisdiction to consider the motion as submitted, the Court notes that, if considered, his argument would fail as a matter of law.  In *United States v. Watts*, 519 U.S. 148, 157 (1997), the Supreme Court held that "a jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence."  *See also United States v. Hunter*, 19 F.3d 895, 897 (4th Cir. 1994) (upholding firearm enhancement where defendant was acquitted of § 924(c) firearm charge).  Further, BOP policy will permit him to participate in the RDAP program, but he may not be eligible for early release pursuant to 18 U.S.C. § 3621(e) and Program Statement P5331.02.

or sentence. A motion pursuant to Title 28 U.S.C. § 2255 "provides the primary means of collateral attack on a federal sentence." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (*citing Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)). If Anderson wishes to invoke this Court's jurisdiction under 28 U.S.C. § 2255, he must do so unequivocally and in accordance with the rules governing such actions. *Cf. United States v. Emmanuel*, 288 F.3d 644, 649 (4th Cir. 2002) (requiring that the district court advise inmates of the consequences of filing a § 2255 motion prior to converting a mislabeled post-conviction motion into a motion pursuant to § 2255). Any motion under 28 U.S.C. § 2255 must conform to the form prescribed by the rules governing such motions and be sworn to under penalty of perjury. *See* Rule 2(b), Rules Governing Section 2255 Proceedings. The Court will process a request for relief under 28 U.S.C. § 2255 upon receipt from Anderson of the properly completed forms seeking such relief.[3]

Because Anderson has not identified in his current motion a procedural vehicle for challenging his sentence, his motion will be denied.

An appropriate Order shall issue.

| August 12, 2010 | /s/ |
|---|---|
| DATE | RICHARD L. WILLIAMS |
| | SENIOR UNITED STATES DISTRICT JUDGE |

---

[3] The Court notes that Title 28 U.S.C. § 2255(f) provides in part: "A 1-year period of limitation shall apply to a motion under this section," and the Court makes no determination as to whether the instant motion, if it were a proper Section 2255 motion, would be timely or whether any Section 2255 motion submitted in the future would be timely. An unappealed federal criminal judgment becomes final for purposes of Section 2255 when the time for filing a direct appeal expires. *United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001). At the time Anderson was sentence, he had ten days to appeal. The ten-day appeal period would have been calculated based on the 2009 version of Federal Rule of Civil Procedure 6 then in effect, which would have excluded intermediate Saturdays, Sundays, and legal holidays.